UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY INDELICATO,

                Petitioner,

-against-

UNITED STATES,

                Respondent.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-5228 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Anthony Indelicato brings this pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255, attacking his 2008 conviction by plea of one count of racketeering. He argues that his plea was obtained involuntarily, in violation of the Fifth and Sixth Amendments, because the Federal Government failed to disclose a supposedly exculpatory seven-page letter written by a cooperating witness. This claim, however, is procedurally barred because Indelicato failed to raise it on direct appeal. His Petition is therefore DENIED.

## I. BACKGROUND

Anthony Indelicato was a captain, soldier, and associate of the Bonanno organized crime family of La Cosa Nostra. On April 17, 2008, a grand jury sitting in this District returned a Ninth Superseding Indictment charging Indelicato with racketeering—including the predicate acts of murder, conspiracy to commit murder, and conspiracy to distribute marijuana— conspiracy to commit racketeering, murder in aid of racketeering, and conspiracy to commit murder in aid of racketeering.[1] (Ninth Superseding Indictment, United States v. Indelicato, No. 05-CR-0060 (NGG) (E.D.N.Y. Apr. 17, 2008), Docket Entry # 464 (sealed).)

---

[1] Other members of the Bonanno family were charged in the same Superseding Indictment.

1

On August 6, 2008, Indelicato pleaded guilty, pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11, to one count of racketeering predicated on the acts of conspiracy to commit murder and conspiracy to distribute marijuana. (Plea Agreement (Docket Entry # 4-2).) Although the Plea Agreement calculated a Sentencing Guidelines range of 360 months' to life imprisonment, it specified a term of imprisonment of 240 months due to the twenty-year statutory maximum sentence applicable to Indelicato's racketeering charge. (Id. ¶ 2.) Pursuant to the Plea Agreement, Indelicato stipulated that a sentence of 240 months was appropriate (id.) and "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 240 months or below" (id. ¶ 4).

On December 16, 2008, this court sentenced Indelicato to 240 months' imprisonment. (See Minute Entry, United States v. Indelicato, No. 05-CR-0060 (NGG) (E.D.N.Y. Apr. 17, 2008), Docket Entry # 588.) Indelicato did not appeal this sentence or his conviction.

On November 16, 2009, Indelicato filed the instant Petition pursuant to 28 U.S.C. § 2255. (Pet. for Writ of Habeas Corpus (Docket Entry # 1) ("Pet.").) He argues that his plea was obtained involuntarily, in violation of the Fifth and Sixth Amendments, because the Federal Government failed to disclose a supposedly exculpatory seven-page letter written by a cooperating witness.[2] (Id. at 5.) The Government filed a memorandum of law in opposition to the Petition. (Gov't Mem. (Docket Entry # 4).) By Order dated March 30, 2012, the court granted Indelicato thirty days to submit a reply in support of his Petition if he so chose. (Docket Entry # 6.) Indelicato has not submitted a reply, and the time to do so has passed.

---

[2] The court need not—and, because it contains information confidential to the Government, should not—discuss the letter in detail.

## II. DISCUSSION

The Government argues that Indelicato's Petition must be denied because he failed to raise the claim asserted in his Petition on direct appeal. (Gov't Mem. at 8-9.) The court agrees.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). "Thus, if a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998). "*A fortiori*, such a showing must be made when there is a complete failure to take a direct appeal." United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995).

Here, Indelicato did not appeal his conviction to the Second Circuit. Thus, he is procedurally barred from raising his claim through a § 2255 petition unless he can establish either (1) both cause and prejudice or (2) actual innocence of the crime for which he was convicted. See DeJesus, 161 F.3d at 102; Pipitone, 67 F.3d at 38. He has established neither.

Indelicato's Petition does not set forth any cause for his failure to raise his claim on a direct appeal. One obvious possibility is that Indelicato did not bring a direct appeal because he had agreed, pursuant to the terms of his Plea Agreement, "not to file an appeal" of his "conviction or sentence in the event that the Court impose[d] a term of imprisonment of 240 months or below." (Plea Agreement ¶ 4.) The Second Circuit has held, however, "that a waiver of appeal provision in a plea agreement d[oes] not constitute 'cause' for failing to take a direct appeal." Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (holding § 2255 petition procedurally barred); see also Pipitone, 67 F.3d at 38-39; Alshalabi v. United

States, No. 08-CV-2734 (RJD), 2012 WL 727911, at *5 (E.D.N.Y. Mar. 6, 2012) ("[T]he Circuit has squarely held that the waiver of direct appeal rights in a plea agreement cannot be considered 'cause' to excuse a defaulted 2255 claim."). It might at first glance seem odd to fault Indelicato for failing to bring an appeal that he expressly agreed not to bring, but such a result—in addition to being compelled by Second Circuit precedent—is sensible because nothing prevented Indelicato from challenging on direct appeal the *process by which the Plea Agreement was obtained*. See United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (stating that "[e]ven if the plain language of the plea agreement barred this appeal," the court "would not enforce such a waiver of appellate rights in this case because the defendant [w]as challenging the constitutionality of the process by which he waived those rights"); Alshalabi, 2012 WL 727911, at *5 (waiver of appellate rights in plea agreement did "not constitute cause to excuse [petitioner's] failure to raise" claim on direct appeal because "waivers of appellate rights are not enforced in appeals, such as [petitioner's], that challenge the process by which the waiver was obtained"). Indelicato's claim that his plea was involuntary is of course a challenge to the process by which his plea was obtained; this argument could thus have been made on appeal.

Indelicato also cannot establish cause for his procedural default based on the Government's failure to disclose the cooperating witness's letter prior to Indelicato's plea. Although Indelicato had not seen (and still has not seen) the letter itself at the time of his plea, he surely was aware at that time of the *existence* of the letter as well as the general nature of its contents, which had been disclosed by the Government through several submissions in 2008. (See Gov't Ltr. of Jan. 2, 2008 (Docket Entry # 4-2); Gov't Ltr. of Feb. 15, 2008 (Docket Entry # 4-3); Gov't Ltr. of Feb. 26, 2008 (Docket Entry # 4-4); see generally Gov't Mem. at 4-6.) In other words, Indelicato is in precisely the same position with respect to the cooperator's letter

now as he was at the time of his plea, and therefore could have raised precisely the same arguments regarding that letter on a direct appeal as he did in his § 2255 Petition.

Thus, Indelicato has not established cause for the procedural default, and there is no need for the court to address whether he suffered prejudice from that default. See DeJesus, 161 F.3d at 102. Moreover, Indelicato does not contend that he is actually innocent of the crime of which he was convicted. (See Pet. at 5.) Such a claim would in any event be belied by the unequivocal statements he made on the record concerning his guilt. (See, e.g., Plea Agreement ¶ 2; Tr. of Aug. 6, 2008 (Docket Entry # 4-6) at 19-20.) Cf. Alshalabi, 2012 WL 727911, at *5.

## III. CONCLUSION

In sum, because Indelicato did not raise the claim asserted in his Petition on direct appeal, and because he has not established cause for this failure or actual innocence of the crime of which he was convicted, he is procedurally barred from raising his claim in this § 2255 Petition. See DeJesus, 161 F.3d at 102. Indelicato's Petition is therefore DENIED. No certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 23, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

5